**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

-------------------------------------------------------------------X
RYAN GREGORY,

                        Plaintiff(s),

    -against-

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                      Defendant(s).
-------------------------------------------------------------------X

Civil Action No.:

**COMPLAINT**

**DEMAND FOR JURY TRIAL**

      Plaintiff, RYAN GREGORY (hereinafter, "Plaintiff"), by and through his attorneys, The Woods Law Firm, LLC, as and for his Complaint against the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC (hereinafter "Defendant"), respectfully sets forth, complains and alleges, upon information and belief, the following:

**INTRODUCTION/PRELIMINARY STATEMENT**

      1.    Plaintiff brings this action for monetary damages, as well as declaratory and injunctive relief arising from the Defendant's violations of §1692 *et seq.* of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA"), and the Connecticut Unfair Trade Practices Act ("CUTPA"), as codified in C. G. S. 42 § 110 *et seq.*

**PARTIES**

      2.    Plaintiff is a natural person and a resident of the State of Connecticut, who resides in East Windsor, Connecticut, and resided in East Windsor, Connecticut at all times relevant hereto.

      3.    Defendant, upon information and belief, is a limited liability company organized pursuant to the laws of the Commonwealth of Virginia, engaged in the business of debt collection, with its principal place of business in Norfolk, Virginia.  Defendant, upon information and belief,

regularly collects debts and regularly transacts business in the State of Connecticut

4. Defendant is a "debt collector" as the phrase is defined and used in the FDCPA under 15 USC §1692a (6).

## JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331, as well as 15 USC §1692 *et seq*. and 28 U.S.C. §2201. The Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

## FACTUAL ALLEGATIONS

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On information and belief, Defendant, on or around May 31, 2016, initiated litigation against the Plaintiff with respect to an alleged consumer debt allegedly due and owing to Citibank. Specifically, Defendant filed an action in the Superior Court of Connecticut, Small Claims Session at Manchester. Plaintiff did not learn of the litigation until January, 2017.

9. In connection therewith, the Defendant prepared a Small Claims Writ and Notice of Suit which was signed by Holly Nelen, Esq. The Defendant listed Plaintiff's address as "17 King Street, Enfield, Connecticut 06082." Attached hereto and made a part hereof is a true and accurate copy of the Small Claims Writ and Notice of Suit annexed as Exhibit "**A**."

10. At the time of the filing of the Small Claims Writ and Notice of Suit, Plaintiff resided in East Windsor, Connecticut.

11. Defendant was aware of the fact that Plaintiff resided in East Windsor, Connecticut,

but, upon information and belief, Defendant intentionally forwarded mail to the Enfield address which Plaintiff no longer resided in an effort to procure a default judgment.

12. Further to the above, Defendant, at all relevant times, was aware of the Plaintiff's current and correct address inasmuch as it had accessed Plaintiff's Trans Union consumer credit report on several occasions in the months preceding the suit. Said credit report obtained by the Defendant contained Plaintiff's correct address.

13. Because Plaintiff did not learn of the small claims suit against him, Defendant obtained a default judgment in the amount of $1,375.74.

14. The Defendant's actions violated the FDCPA and CUTPA.

**FIRST CAUSE OF ACTION**
**(Violation of the FDCPA – 15 U.S.C. §1692 f)**

15. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

16. The Defendant violated 15 U.S.C. §1692 g which prohibits a debt collector from using any unfair or unconscionable means in connection with the collection of a debt.

17. The Defendant's failure to mail the Small Claims Writ and Notice of Suit to the Plaintiff's current and correct address, when the Defendant was fully aware of the correct address, deprived the Plaintiff of the opportunity to defend the small claims suit.

18. The Defendant's actions violated 15 U.S.C. §1692 g.

19. As a result of Defendant's violations of the FDCPA, Plaintiff has been damaged and is entitled to damages in accordance with the FDCPA.

## SECOND CAUSE OF ACTION
**(Violation of the Connecticut Unfair Trade Practices Act)**

20. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "14" herein with the same force and effect as if the same were set forth at length herein.

21. Defendant's actions in purposefully mailing the Small Claims Writ and Notice of Suit to the Plaintiff's former address, when Defendant was fully aware of the Plaintiff's current address – constitute an unfair trade practice, which offends public policy, is immoral, unethical, and unscrupulous in the context of trade or commerce in the State of Connecticut, and which has caused substantial economic injury to the Plaintiff.

22. Defendant's actions constitute a *per se* violation of the Connecticut Unfair Trade Practices Act.

23. Simply, the Defendant engaged in a trade practice which ran counter to public policy and for which the Plaintiff suffered an ascertainable loss of money.

24. A copy of this complaint has been forwarded to the Attorney General of the State of Connecticut, as well as the Commissioner of Consumer Protection.

25. By virtue of the aforesaid, the Defendant has violated the Connecticut Unfair Trade Practices Act and is liable to the Plaintiff for nominal and punitive damages, treble damages, and attorney's fees.

## DEMAND FOR TRIAL BY JURY

26. Plaintiff, RYAN GREGORY, hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, RYAN GREGORY, demands judgment from the Defendant, PORTFOLIO RECOVERY ASSOCIATES, LLC, as follows:

1. A Declaratory judgment that Defendant's conduct violated the FDCPA and the Connecticut Unfair Trade Practices Act.
2. An award of nominal and punitive damages and attorney's fees pursuant to the Connecticut Unfair Trade Practices Act as codified in C.G.S. § 42-110a, *et seq.*, as amended;
3. All costs and disbursements of this action, pursuant to 15 U.S.C. §1692 k (a) (3).
4. Statutory damages pursuant to 15 U.S.C. §1692 k (a) (2) (A).
5. Actual damages pursuant to 15 U.S.C. §1692 k (a) (1).
6. An award of reasonable attorney's fees pursuant to 15 U.S.C. §1692 k (a) (3).
7. An award of punitive damages.
8. Damages pursuant to the Connecticut Unfair Trade Practices Act.
9. Statutory post-judgment interest pursuant to C.G.S. §52-356d (e) and C.G.S. § 37-3a, as amended;
10. Such other and further relief as the Court deems just.

Dated:   Hartford, Connecticut
         May 26, 2017

>                       Respectfully submitted,
>
>                       /s/ Roderick D. Woods, Esq.
>
>               By: _____
>               Roderick D. Woods, Esq. (ct29447)
>               THE WOODS LAW FIRM, LLC
>               100 Pearl Street, 14th Floor
>               Hartford, Connecticut 06103
>               Phone:    (860) 549-6275
>               Facsimile: (860) 371-3242

*Attorney for the Plaintiff, Ryan Gregory*